# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

WEB.COM, INC.,

              **Plaintiff,**

        **v.**

THE GO DADDY GROUP, INC.,

              **Defendant.**

**Civil Action No.
1:06-CV-1461 (TCB)**

## DEFENDANT'S MOTION TO DISMISS FOR
## LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE AND
## MEMORANDUM OF LAW IN SUPPORT THEREOF

KING & SPALDING LLP

Benjamin F. Easterlin, IV
Ga. Bar No. 237650
Komal Patel
Ga. Bar No. 565825
King & Spalding LLP
1180 Peachtree Street, N.E.
Atlanta, GA 30309

Terry Kearney (*pro hac vice*)
Michael B. Levin (*pro hac vice*)
Wilson Sonsini Goodrich & Rosati
650 Page Mill Road
Palo Alto, CA 94304

Counsel for the Defendant
THE GO DADDY GROUP, INC.

# TABLE OF CONTENTS

INTRODUCTION ...........................................................................................1

STATEMENT OF FACTS ...........................................................................2

   A.   GoDaddy Lacks Minimum Contacts with Georgia. .............................2

   B.   Web.com Fails to Allege Facts Satisfying Jurisdictional Requirements.........................................................................................4

ARGUMENT..................................................................................................5

   I.   Legal Standard. ....................................................................................5

   II.   Georgia Does Not Have General Jurisdiction Over GoDaddy. ............7

      A.   GoDaddy Does Not Have Continuous and Systematic Contacts with Georgia. ..............................................................7

      B.   GoDaddy Does Not Conduct Any Business in Georgia.............8

      C.   GoDaddy's Website Does Not Confer General Jurisdiction......................................................................10

   III.   Georgia Does Not Have Specific Jurisdiction Over GoDaddy. .........11

      A.   GoDaddy Has Not Purposefully Directed Its Activities at Georgia Residents.................................................................12

      B.   Plaintiff's Claim Does Not Arise out of or Relate to GoDaddy's Alleged Activities in Georgia. . ............................15

      C.   Asserting Personal Jurisdiction Over GoDaddy Would Be neither Reasonable nor Fair. ...............................................16

   IV.   Venue Is Improper. ...........................................................................17

CONCLUSION..............................................................................................18

# TABLE OF AUTHORITIES

## CASES

*ALS Scan Inc. v. Digital Serv. Consultants, Inc.,*
293 F.3d 707 (4th Cir. 2002)............................................................ 11-13, 16

*Bancroft & Masters, Inc. v. August Nat'l Inc.,*
223 F.3d 1082 (9th Cir. 2000)............................................................. 9

*Barton S. Co., Inc. v. Manhole Barrier Sys., Inc.* 318 F. Supp. 2d
1174 (N.D. Ga. 2004)...................................................................... 6, 14

*Borg-Warner Acceptance Corp. v. Lovett & Tharpe, Inc.,*
786 F.2d 1055 (11th Cir. 1986).............................................................. 7

*Carefirst of Maryland, Inc. v. Carefirst Pregnancy Centers, Inc.,*
334 F.3d 390 (4th Cir. 2003)............................................................... 14

*Helicopteros Nacionales de Columbia, S.A v. Hall,*
466 U.S. 408 (1984) ........................................................................ 7

*Hildebrand v. Steck Mfg. Co.,*
279 F.3d 1351 (Fed. Cir. 2002)........................................................... 7, 8

*Hy Cite Corp. v. Badbusinessbureau.com,*
297 F. Supp. 2d 1154 (W.D. Wis. 2004) ................................................. 13

*Int'l Shoe Co. v. Washington,*
326 U.S. 310 (1945) ...................................................................... 6, 7

*Kulko v. Cal. Sup. Ct.,*
436 U.S. 84 (1978) .......................................................................... 17

*Madara v. Hall,*
916 F.2d 1510 (11th Cir. 1990)............................................................. 6

*McGill v. Giantex Tech. Co., Inc.*
No. 05C5892, 2005 WL 3436403 (N.D. Ill. 2005)..................................... 10

*Molnlycke Health Care AB v. Dumex Med. Surgical Prods., Ltd.,*
    64 F. Supp. 2d 448 (E.D. Pa. 1999) ...............................................................10, 11

*Overseas Media, Inc. v. Skvortsov,*
    407 F. Supp. 2d 563 (S.D.N.Y. 2006)................................................................10

*Pennington Seed, Inc. v. Prod. Exchange No. 299,*
    457 F.3d 1334 (Fed. Cir. 2006)....................................................5, 6, 12, 16

*Red Wing Co., Inc. v. Hockerson-Halberstadt, Inc.,*
    148 F.3d 1355 (Fed. Cir. 1998).......................................................................16, 17

*Revell v. Lidov,*
    317 F.3d 467 (5th Cir. 2002)...........................................................................10

*Robinson v. Giarmarco & Bill, P.C.,*
    74 F.3d 253 (11th Cir. 1996)...........................................................................18

*Shamsuddin v. Vitamin Research Prods.,*
    346 F. Supp. 2d 804 (D. Md. 2004) ...............................................................12, 13

*Snow v. DirecTV,*
    450 F.3d 1314 (11th Cir. 2006)........................................................................8

*Snyder v. Dolphin Encounters Ltd.,*
    235 F. Supp. 2d 433 (E.D. Pa. 2002) ..............................................................10

*Stairmaster Sports/Med. Prods., Inc. v. Pac. Fitness Corp.,*
    916 F. Supp. 1049 (W.D. Wash. 1994).........................................................9, 10

*Toys "R" Us, Inc. v. Step Two, S.A.,*
    318 F.3d 446 (3d Cir. 2003)............................................................................14

*Trintec Inds., Inc. v. Pedre Promotional Prods., Inc.*
    395 F.3d 1275 (Fed. Cir. 2005)....................................................................12, 13

*VE Holding Corp. v. Johnson Gas Appliance Co.,*
    917 F.2d 1574 (Fed. Cir. 1990).......................................................................18

*World-Wide Volkswagon Corp. v. Woodson.,*
  444 U.S. 286 (1980) ........................................................... 7, 17

*Zippo Mfg. co. v. Zippo Dot Com, Inc.*
  952 F. Supp. 1119 (W.D. Pa. 1997) ................................... 12

## **STATUTES**

28 U.S.C. § 1400(b) ............................................................ 17

28 U.S.C. § 1391(c) ............................................................ 18

## DEFENDANT'S MOTION TO DISMISS

Defendant The Go Daddy Group, Inc. ("GoDaddy") moves this Court under Fed. R. Civ. P. 12(b)(2) and 12(b)(3) to dismiss Plaintiff's Amended Complaint for lack of personal jurisdiction and improper venue. GoDaddy is not subject to personal jurisdiction in the State of Georgia and venue is improper. GoDaddy's motion to dismiss is supported by, and filed along with, the below Memorandum of Law in Support, and Declaration of Stewart Womack, all arguments and authorities presented in GoDaddy's Memorandum of Law, and any other information properly brought before the Court.

## DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF THE MOTION TO DISMISS

### INTRODUCTION

GoDaddy is incorporated in Arizona and maintains its principal place of business in Arizona. It conducts its business in Arizona. It is not licensed, and never has applied for a license, to do business in Georgia. It does not pay, and is not obligated to pay, taxes in Georgia. It does not have any offices, facilities, employees, or representatives in Georgia. It does not target Georgia in its marketing and advertising. It has not directed its activities at Georgia and does not conduct the allegedly infringing activities in Georgia. Under these circumstances, GoDaddy lacks minimum contacts with Georgia, and this Court's exercise of

personal jurisdiction over it would offend traditional notions of fair play and substantial justice.

GoDaddy respectfully requests that the Court dismiss with prejudice Web.com, Inc.'s ("Web.com's") Amended Complaint for lack of personal jurisdiction and improper venue.

## STATEMENT OF FACTS

### A.   GoDaddy Lacks Minimum Contacts with Georgia

GoDaddy is a privately-owned Internet domain registrar and website hosting company.   Declaration of Stewart Womack ("Womack Decl.") ¶ 2.   Since its inception, GoDaddy has been incorporated in Arizona.   *Id.*   GoDaddy's principal place of business is in Scottsdale, Arizona.   *Id.*

GoDaddy performs website hosting services in Arizona.   *See id.* at ¶¶ 4, 5, 7, 8.   GoDaddy maintains all of its equipment and software required to perform these services in Arizona.   *See id.* at ¶ 7.   GoDaddy's design, development, testing, and research efforts take place in Arizona.   *Id.*   The activities and systems accused of patent infringement in this case are in Arizona.   *See id.* at ¶¶ 3-8.

At its Arizona headquarters, GoDaddy maintains a commercial website accessible to anyone, anywhere in the world, with a computer and Internet connection.   *Id.* at ¶ 3.   At this website, visitors can learn about and order

GoDaddy's services, including the allegedly infringing services:  the Deluxe and Economy Hosting Plans. *Id.* at ¶¶ 3-5.  The Deluxe and Economy Hosting Plans are web hosting services that GoDaddy offers to its customers.  *Id.* at ¶ 5. GoDaddy's web hosting services enable customers to have a presence on the Internet, with GoDaddy "hosting" their websites on GoDaddy's servers in Arizona. *Id.*

GoDaddy does not customize websites nor does it exercise control over or derive revenue from the content customers place on their websites. *Id.* at ¶ 6.  At all times, customers' websites "reside" on GoDaddy's computer servers located and maintained in Arizona. *Id.* at ¶ 7.

Since GoDaddy's customers may reside anywhere in the world, while their websites "reside" in Arizona, GoDaddy provides a control panel by which customers may manage their hosting accounts over the Internet. *Id.* at ¶ 5.  This control panel, accessible through GoDaddy's website, is maintained and serviced in Arizona. *Id.*  All processes and operations required to implement the customers' requests take place in Arizona. *Id.*

GoDaddy does not have, and has never had, any business presence in Georgia. *Id.* at ¶ 9.  It is not licensed, and has never applied for a license, to do business in Georgia. *Id.*  It does not own real property in Georgia. *Id.*  It does not

lease office space in Georgia. *Id.* It does not service any equipment in Georgia. It does not employ anyone in Georgia. *Id.* It does not own any financial accounts in Georgia. *Id.* It does not pay, and is not obligated to pay, taxes in Georgia. *Id.*

Less than 3% of GoDaddy's customers are located in Georgia, which is where 3% of the U.S. population also resides. *Id.* at ¶ 11. GoDaddy's marketing and promotional advertising has never targeted Georgia residents. *Id.* at ¶ 10. GoDaddy's website is not focused on Georgia residents in any way, and it does not do anything to derive business specifically from Georgia residents. *Id.*

### B.   Web.com Fails to Allege Facts Satisfying Jurisdictional Requirements

On October 13, 2006, Web.com filed its Amended Complaint, alleging infringement of U.S. Patent Nos. 6,789,103 ("the '103 patent"), 6,842,769, 6,868,444, and 6,654,804.[1]  Am. Compl. ¶¶ 23, 27, 31, 35. Web.com's Amended Complaint does not set forth any *facts* to justify jurisdiction over GoDaddy. Instead, Web.com offers "on information and belief" the boilerplate statements that GoDaddy "does business in this district," and "manufactur[es], us[es], sell[s],

---

[1] Web.com filed its original Complaint on June 19, 2006. In its original Complaint, Web.com alleged that GoDaddy infringed Web.com's '103 patent. Web.com never served this Complaint and waited until the last possible day under Fed. R. Civ. P. 4(m) to serve GoDaddy with its Amended Complaint.

and/or offer[s] to sell, and has actively induced others to manufacture, use, sell, and/or offer to sell" allegedly infringing products in this "Judicial District." *Id.* at ¶¶ 19, 23, 27, 31, 35.   Web.com has not identified a single instance where GoDaddy conducts allegedly infringing activities in Georgia.

As demonstrated by the Declaration of Stewart Womack, submitted herewith, those averments are objectively incorrect.   Moreover, Web.com's Amended Complaint states that components of GoDaddy's "web hosting system" infringe Web.com's patents. *Id.* at ¶¶ 8, 10, 12, 14.   Every component identified by Web.com, including Defendant's "control panel," "software," "database," and servers, is maintained by GoDaddy and its Arizona employees at its Arizona headquarters. *Id.* at ¶¶ 9, 11, 13, 15; *see* Womack Decl. ¶¶ 5, 7, 8.

## ARGUMENT

### I.   LEGAL STANDARD

In patent cases, Federal Circuit law applies to the determination of personal jurisdiction. *Pennington Seed, Inc. v. Prod. Exchange No. 299*, 457 F.3d 1334, 1338 (Fed. Cir. 2006) (applying law of Federal Circuit in affirming order dismissing action for failure to allege personal jurisdiction).   Analysis of personal jurisdiction involves a two-step process.   The Court must determine (1) whether Georgia's long-arm statute authorizes jurisdiction and (2) whether exercise of

jurisdiction is consistent with due process. *See id.* at 1343-44. Because the Georgia long-arm statute confers jurisdiction to the maximum extent permitted by due process, these two inquiries fold into one: whether exercising jurisdiction over GoDaddy comports with due process. *See Barton S. Co. v. Manhole Barrier Sys., Inc.*, 318 F. Supp. 2d 1174, 1176 (N.D. Ga. 2004).

To that end, the Supreme Court has developed a two-prong test to evaluate whether exercising jurisdiction is consistent with due process. First, the defendant must have sufficient "minimum contacts" with the forum state. *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). Second, the exercise of jurisdiction must not offend "traditional notions of fair play and substantial justice." *Id.* (citation omitted).

It is Web.com's burden to show—by affidavits or other competent evidence—that the Court can exercise either general or specific jurisdiction over GoDaddy. *See Madara v. Hall*, 916 F.2d 1510, 1514 (11th Cir. 1990) (plaintiff bears burden of establishing prima facie case of personal jurisdiction). Web.com cannot meet its burden on either general or specific jurisdiction.

## II.   GEORGIA DOES NOT HAVE GENERAL JURISDICTION OVER GODADDY

### A.   GoDaddy Does Not Have Continuous and Systematic Contacts with Georgia

General jurisdiction exists only when a defendant has "continuous and systematic" contacts with the forum state. *Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 416 (1984); *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 295 (1980). Contacts are continuous and systematic only if they are extensive and pervasive. *See Borg-Warner Acceptance Corp. v. Lovett & Tharpe, Inc.*, 786 F.2d 1055, 1057 (11th Cir. 1986) (declining to exercise general jurisdiction because defendant's only contacts with forum state consisted of business transaction at issue).

Neither the Supreme Court nor the Federal Circuit has outlined a specific test to follow when analyzing whether a defendant's activities are continuous and systematic. Instead a court must look to the facts of each case to make such a determination. *See Int'l Shoe Co.*, 326 U.S. at 319 ("It is evident that the criteria by which we mark the boundary line between those activities which justify the subjection of a corporation to suit, and those which do not, cannot be simply mechanical or quantitative."); *Hildebrand v. Steck Mfg. Co.*, 279 F.3d 1351, 1355 (Fed. Cir. 2002) ("We examine the number and nature of the defendants' contacts

with the forum state to determine if haling them into court there comports with 'fair play and substantial justice.'") (citation omitted).

In what is essentially an *ante litem motam* concession on the issue of general jurisdiction, Web.com did not even suggest, in either its June 19, 2006 Complaint or its October 13, 2006 Amended Complaint, that GoDaddy's contacts with Georgia are "continuous and systematic." Web.com's pleadings are silent because, whatever GoDaddy's contacts with Georgia are, they are not "continuous and systematic."

**B.    GoDaddy Does Not Conduct Any Business in Georgia**

First, Web.com's conclusory and perfunctory averments, *e.g.*, that GoDaddy "does business in this district," cannot support the exercise of general personal jurisdiction over GoDaddy. *See Snow v. DirecTV, Inc.*, 450 F.3d 1314, 1320 (11th Cir. 2006) (stating that dismissal is proper when plaintiff has merely relied upon conclusory allegations, unwarranted deductions of facts, or legal conclusions masquerading as facts).

Second, the reality is that GoDaddy conducts no business in Georgia. As set forth above, GoDaddy does not maintain, and has never maintained, any offices, facilities, or equipment in Georgia. GoDaddy does not have any employees in

Georgia.  GoDaddy does not hold any financial accounts in Georgia.  GoDaddy does not pay, and has never been obligated to pay, taxes to Georgia.

While it is true that less than 3% of GoDaddy's revenue comes from Georgia residents (which is slightly less than the percentage of the U.S. population residing in Georgia), as a matter of law, doing business *with* Georgia residents does not constitute conducting business *in* Georgia.  To demonstrate "continuous and systematic" contacts, it is not sufficient to imply that jurisdiction is proper merely because some limited number of customers may reside in Georgia.  "[E]ven repeated contacts with forum residents by a foreign defendant may not constitute the requisite substantial, continuous and systematic contacts required for a finding of general jurisdiction."  *Revell v. Lidov*, 317 F.3d 467, 471 (5th Cir. 2002).  In such a case, while GoDaddy "may be doing business *with* [Georgia], it is not doing business *in* [Georgia]," and that is not sufficient to establish general jurisdiction. *Id.* (emphasis in original); *see also Bancroft & Masters, Inc. v. Augusta Nat'l Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000) ("Engaging in commerce with residents of the forum state is not in and of itself the kind of activity that approximates physical presence within the state's borders.").

General jurisdiction based on these facts would be improper. *See, e.g.*, *Stairmaster Sports/Med. Prods., Inc. v. Pac. Fitness Corp.*, 916 F. Supp. 1049,

1053 (W.D. Wash. 1994), *aff'd*, 78 F.3d 602 (Fed. Cir. 1996) (commenting that defendant whose sales in forum state constitute "approximately 3% of [] total sales volume" did not have "'continuous and systematic'" contacts with forum state) (citation omitted); *Overseas Media, Inc. v. Skvortsov*, 407 F. Supp. 2d 563, 569 (S.D.N.Y. 2006) (3-4% of total product sales "'insufficient to constitute substantial solicitation'") (citation omitted); *McGill v. Giantex Tech. Co., Inc.*, No. 05C5892, 2005 WL 3436403, at *3 (N.D. Ill. Dec. 12, 2005) (3.5% of total sales insufficient to warrant finding of general jurisdiction).

### C.   GoDaddy's Website Does Not Confer General Jurisdiction

General jurisdiction based on GoDaddy's website would be improper. "'[T]he establishment of a website through which customers can order products does not, on its own, suffice to establish general jurisdiction because such a finding would effectively hold that any corporation with such a website is subject to general jurisdiction in every state.'" *Snyder v. Dolphin Encounters Ltd.*, 235 F. Supp. 2d 433, 440-41 (E.D. Pa. 2002) (holding that establishment of generally accessible "interactive" websites through which residents in forum state can order souvenirs, make bookings, and communicate with defendant's management is insufficient to establish general jurisdiction); *see Molnlycke Health Care AB v. Dumex Med. Surgical Prods. Ltd.*, 64 F. Supp. 2d 448, 452, (E.D. Pa. 1999)

(maintenance of website on which defendant sold allegedly infringing product was not sufficient to establish general jurisdiction: "while the websites are available in every state, they are not necessarily targeted towards every state"); *see also ALS Scan, Inc. v. Digital Serv. Consultants, Inc.*, 293 F.3d 707, 715 (4th Cir. 2002) ("We are not prepared at this time to recognize that a State may obtain general jurisdiction over out-of-state persons who regularly and systematically transmit electronic signals into the State via the Internet based solely on those transmissions. Something more would have to be demonstrated.").

Unlike "e-commerce" websites, GoDaddy does not deliver any products outside Arizona. GoDaddy does not customize websites nor does it exercise control over the content customers choose to place on their websites. At all times, the websites hosted by GoDaddy are stored on its servers in Arizona.

GoDaddy respectfully submits that because it does not have, and never has had, "continuous and systematic" contacts with Georgia, this Court's exercise of general personal jurisdiction over GoDaddy would not comport with due process.

## III.   GEORGIA DOES NOT HAVE SPECIFIC JURISDICTION OVER GODADDY

In order to exercise specific jurisdiction, a court must find that (1) a defendant has "purposefully directed" its activities at the forum state; (2) the claim "arises out of or relates to" the defendant's activities with the forum; *and* (3)

assertion of jurisdiction is "reasonable and fair." *Pennington Seed, Inc.*, 457 F.3d at 1344.

When determining whether Internet contacts with a forum support an exercise of specific jurisdiction, some courts have considered "the nature and quality of commercial activity that an entity conducts over the Internet." *Shamsuddin v. Vitamin Research Prods.*, 346 F. Supp. 2d 804, 808 (D. Md. 2004) (citing *Zippo Mfg. Co. v. Zippo Dot Com, Inc.*, 952 F. Supp. 1119, 1124 (W.D. Pa. 1997)). This standard focuses on the interactivity of the website maintained by a defendant. *See id.* The Federal Circuit, however, has never held that the maintenance of even a "highly interactive, transaction-oriented website" is sufficient, on its own, to establish personal jurisdiction. *See Trintec Indus., Inc. v. Pedre Promotional Prods., Inc.*, 395 F.3d 1275, 1281 (Fed. Cir. 2005) (reserving question of whether use of "highly interactive, transaction-oriented website" by itself or "something additional beyond a website" is required to establish personal jurisdiction).

### A.    GoDaddy Has Not Purposefully Directed Its Activities at Georgia Residents

As a "general principle . . . placing information over the Internet" does not "subject [] that person to personal jurisdiction in each State in which the information is accessed." *ALS Scan, Inc.*, 293 F.3d at 712 (affirming order

dismissing action for lack of specific jurisdiction).  If it did, the "the defense of

personal jurisdiction . . . would no longer exist." *Id.* (holding that since defendant

"did not select or knowingly transmit infringing photographs specifically to

Maryland . . . [,] it cannot be said that [defendant] 'purposefully availed' itself of

the privilege of conducting business or other transactions in Maryland"). *Id.* at

714-15 (citation omitted).

Further, a decision to sell services over the Internet to *all* potential visitors

cannot be considered an action purposefully directed towards Georgia. *See Trintec*

*Indus., Inc.*, 395 F.3d at 1281 (stating that "'the ability of District residents to

access the defendants' websites . . . does not by itself show any persistent course of

conduct by the defendants in the District'") (citation omitted); *Shamsuddin*, 346 F.

Supp. 2d at 813-14 (finding no "substantial connection" with forum when nothing

on defendant's website suggests that defendant "intended to target [forum]

residents any more than it intended to target residents of other states"); *Hy Cite*

*Corp. v. Badbusinessbureau.com*, 297 F. Supp. 2d 1154, 1164 (W.D. Wis. 2004)

(holding that there is no purposeful availment when "defendant has done [nothing]

to target [forum] consumers").

When "the only respect in which [defendant] even arguably reaches out to

[forum residents] via its Internet website is its generalized request that anyone,

anywhere" purchase its offerings, "[s]uch a generalized request is . . . an insufficient . . . [forum] contact to sustain jurisdiction." *Carefirst of Maryland, Inc. v. Carefirst Pregnancy Ctrs., Inc.*, 334 F.3d 390, 401 (4th Cir. 2003) (finding website insufficient to establish jurisdiction because website neither targeted Maryland nor "direct[ed] electronic activity into Maryland with the manifest intent of engaging in business or other interactions within that state in particular"); *see Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 454 (3d Cir. 2003) (holding that "there must be evidence that the defendant 'purposefully availed' itself of conducting activity in the forum state, by directly targeting its web site to the state, knowingly interacting with residents of the forum state via its web site, or through sufficient other related contacts"); *Barton S. Co.*, 318 F. Supp. 2d at 1177 (finding website through which customers could fill out order forms insufficient to confer jurisdiction because "[t]here is nothing on the website showing an intent to reach out to persons living in Georgia").

As set forth above, there is nothing on or about GoDaddy's website which focuses on Georgia residents. GoDaddy makes no effort to drive Internet traffic specifically from Georgia residents to its website. GoDaddy has never advertised in print, electronically, or through other media specifically to Georgia consumers.

The fact that Georgia residents can access GoDaddy's website does not mean that GoDaddy has purposefully directed its activities at Georgia.

**B.     Plaintiff's Claim Does Not Arise out of or Relate to GoDaddy's Alleged Activities in Georgia**

In addition to not "purposefully directing" any of its activities at Georgia, by Web.com's own pleadings, Web.com's patent infringement claims arise out of and relate to GoDaddy's alleged activities in *Arizona*, not Georgia.   As described above, the Amended Complaint states that components of GoDaddy's "web hosting system" infringe Web.com's patents.   Every component identified by Web.com, including Defendant's "control panel," "software," "database," and servers, exists in Arizona and is maintained by GoDaddy's Arizona employees at GoDaddy's Arizona headquarters.   Moreover, GoDaddy's hosting services were developed and are serviced, maintained, marketed, offered for sale, and sold in *Arizona*, not Georgia.   At all times, all websites hosted by GoDaddy "reside" on computer servers located at GoDaddy's headquarters in Arizona.   The processes and operations required to implement customers' requests to GoDaddy take place in *Arizona*, not Georgia.

Web.com's perfunctory averments on "information and belief" that GoDaddy "manufactures, uses, sells, and/or offers to sell . . . in this Judicial District" the allegedly infringing products are objectively incorrect.

## C.   Asserting Personal Jurisdiction Over GoDaddy Would Be neither Reasonable nor Fair

Finally, in addition to finding that (1) GoDaddy has not *purposefully directed* any of its activities at Georgia and (2) Web.com's claims do not *arise out of* GoDaddy's non-existent *purposeful activities* in Georgia, the Court respectfully should also find that (3) the assertion of personal jurisdiction over GoDaddy would be unreasonable and unfair. *See Pennington Seed, Inc.*, 457 F.3d at 1344. "[A] State does have limited judicial authority over out-of-state persons who use the Internet to contact persons within the State." *ALS Scan, Inc.*, 293 F.3d at 713. It is unfair to subject a defendant to what would amount to "nationwide personal jurisdiction" simply based on "the unilateral activity of another party." *Red Wing Shoe Co. v. Hockerson-Halberstadt, Inc.*, 148 F.3d 1355, 1361 (Fed. Cir. 1998) ("Red Wing's flawed theory would subject a defendant to nationwide personal jurisdiction if it decides to do business with a company that does business nationwide.").

In this case, the exercise of jurisdiction by the courts in Georgia would not comport with due process. GoDaddy's only connection with Georgia is the limited number of its customers who connect to GoDaddy's Arizona website from Georgia. As described above, these Georgia customers are not, and have never been, specifically targeted by GoDaddy, nor are they, nor have they ever been, the

focus of GoDaddy's marketing or advertising efforts. GoDaddy's "contacts" with Georgia are thus the result of fortuitous and unilateral activity, which the Supreme Court has found to be insufficient to establish personal jurisdiction. *See World-Wide Volkswagen*, 444 U.S. 286 (no jurisdiction over automobile distributor whose only tie to forum resulted from customer's decision to drive there); *Kulko v. Cal. Sup. Ct.*, 436 U.S. 84 (1978) (no jurisdiction over divorced husband whose only contact with forum was wife's decision to settle there); *see also Red Wing*, 148 F.3d 1355 (no jurisdiction over defendant whose only contact with forum was created by licensees with extensive contacts in forum state).

## IV.   VENUE IS IMPROPER[2]

In patent cases, venue is proper "in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b). Because GoDaddy does not have a regular and established place of business in Georgia, the relevant inquiry is: where does GoDaddy reside?

---

[2] GoDaddy is not moving in the alternative to transfer the case to its home forum in Arizona because Web.com has alleged that its principal place of business is in Atlanta, Georgia. *See Robinson v. Giarmarco & Bill, P.C.*, 74 F.3d 253, 260 (11th Cir. 1996) (stating that if transfer would merely shift balance of convenience, motion to transfer should be denied).

A corporate defendant resides in any district where it is subject to personal jurisdiction. 28 U.S.C. § 1391(c); *VE Holding Corp. v. Johnson Gas Appliance Co.*, 917 F.2d 1574, 1584 (Fed. Cir. 1990). Because, for the reasons stated above, GoDaddy is not subject to personal jurisdiction in the State of Georgia, GoDaddy cannot be considered a resident of the Northern District of Georgia. Accordingly, venue is improper. Plaintiff's action must thus be dismissed under Fed. R. Civ. P. 12(b)(3).

## CONCLUSION

For the foregoing reasons, GoDaddy respectfully requests that the Court grant its Motion to Dismiss, and enter an order dismissing with prejudice Web.com's Amended Complaint against GoDaddy.

This 6th day of December, 2006.

Respectfully submitted,

/s/ Benjamin F. Easterlin, IV
Benjamin F. Easterlin, IV
Ga. Bar No. 237650
Komal Patel
Ga. Bar No. 565825
King & Spalding LLP
1180 Peachtree Street, NE
Atlanta, Georgia 30309
Telephone: (404) 572-4600
Facsimile: (404) 572-5100

Terry Kearney (*pro hac vice*)
Michael B. Levin (*pro hac vice*)
Wilson Sonsini Goodrich & Rosati
650 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 493-9300
Facsimile: (650) 493-6811

       Counsel for Defendant
       THE GO DADDY GROUP, INC.

# CERTIFICATE OF COMPLIANCE

Pursuant to LR 7.1 D, this is to certify that the foregoing complies with the font and point selections approved by the Court in LR 5.1B, NDGa.   It was prepared on a computer using the 14 point Times New Roman font.

/s/ Benjamin F. Easterlin, IV
Benjamin F. Easterlin, IV
Ga. Bar No. 237650

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

WEB.COM, INC.,

                          **Plaintiff,**

          v.

THE GO DADDY GROUP, INC.,

                          **Defendant.**

**Civil Action No.
1:06-CV-1461 (TCB)**

## CERTIFICATE OF SERVICE

This is to certify that I have this day filed **Defendant's Motion to Dismiss**

**for Lack of Personal Jurisdiction and Improper Venue and Memorandum of**

**Law in Support Thereof** with the Clerk of Court and served on counsel of record

as follows:

### VIA OVERNIGHT DELIVERY:

Michael S. French
Wargo & French LLP
1170 Peachtree Street, NE
Suite 2020
Atlanta, GA  30309

William L. Patton
Edward J. Kelly
Ropes & Gray LLP
One International Place
Boston, MA  02110-2624

This 6th day of December, 2006.

/s/ Benjamin F. Easterlin, IV
Benjamin F. Easterlin, IV
Ga. Bar No. 237650

### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

WEB.COM, INC.,

                **Plaintiff,**

    **v.**

THE GO DADDY GROUP, INC.,

                **Defendant.**

Civil Action No.
1:06-CV-1461 (TCB)

### PROPOSED ORDER

The Court having considered Defendant's Motion to Dismiss for Lack of

Personal Jurisdiction and Improper Venue and Memorandum of Law in Support

Thereof and for good cause shown:

IT IS HEREBY ORDERED that Defendant's Motion to Dismiss is

**GRANTED** and that this action is hereby **DISMISSED WITH PREJUDICE**.

Entered this __ day of _____, 2006.

_____
The Honorable Timothy C. Batten, Sr.
Judge, United States District Court